KLEIN, J.
We affirm the Kramers’ appeal from a final judgment of foreclosure in which the *1240 trial court refused to rescind their home loan for violation of the Truth-In-Lending Act, 15 U.S.C. § 1635(a) (1995). The trial court did award $2,000 in damages, finding a TILA violation based on Home Savings’ practice of giving the borrowers an extra day in which to exercise their three day right of recission where the third day fell on a Saturday. Home Savings cross-appeals that award, and we reverse.
The notice of right to cancel was given to the Kramers on a Wednesday, which meant that the third business day fell on a Saturday. Because Home Savings was not open on Saturday, it was its standard practice under these circumstances to give the borrower until the following Monday to rescind the transaction.
Regulation Z provides:
“Business day” means a day on which the creditor’s offices are open to the public for carrying on substantially all of its business functions. However, for purposes of rescission under §§ 226.15 and 226.23, and for purposes of § 226.31, the term means all calendar days except Sundays and the legal public holidays....
12 C.F.R. § 226.2(a)(6). The trial court held that because Regulation Z does not exclude Saturday as a business day, and because the third business day here fell on a Saturday, that Home Savings violated Regulation Z by giving the borrower until the following Monday to rescind.
Apparently the trial court believed that the rescission notice of Home Savings, which gave more than three business days for rescission, violated 15 U.S.C. § 1635(a) which grants a right to rescind “until midnight of the third business day following the consummation of the transaction.” As Home Savings points out, though, TILA does not prevent a lender from giving a borrower greater rights than the statute requires. That is all that occurred here. We therefore reverse on the cross-appeal.
GROSS, J., and BAILEY, JENNIFER D., Associate Judge, concur.